David L. Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT  59701
Telephone: (406) 782-1111
Fax No.: (406) 782-4000
larry@vicevichlaw.com
dave@vicevichlaw.com
State Bar of MT No. 4791

Attorneys for Plaintiff Collin Erb

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| COLLIN ERB | Cause No. |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| BERETT ROSENKRANCE; PETER TOMARYN; WOMEN'S RESOURCE CENTER aka "COMMUNITY SUPPORT CENTER"; ALLISON DUNN in her professional and personal capacity; BEAVERHEAD COUNTY; MELAYNIA RYAN in her professional and personal capacity; VALERIE COULTER; and MIMI ROSENKRANCE | |
| Defendants. | |

COMES NOW the Plaintiff, Collin Erb, by and through his counsel, David L. Vicevich,

and for his Complaint against Defendants, asserts and alleges as follows:

## I.
## PARTIES

1.  Plaintiff Collin Erb is a resident of the State of Montana.

2. Defendant Berett Rosenkrance is a resident of the State of Idaho.

3. Defendant Peter Tomaryn is a resident of the State of Montana and a member of the Montana State Bar Association, subject to all ethical and statutory obligations and penalties of M.C.A. § 37-61-101, *et. seq.*

4. Defendant Women's Resource Center, is an Domestic Non-Profit Corporation registered with the Montana Secretary of State that conducts its business in the State of Montana, and is a State actor under M.C.A. § 52-6-101, *et. seq.*

5. Defendant Women's Resource Center can be served through its registered agent, Alison Dunn, at 236 East Reeder St., Dillon, MT 59725.

6. Defendant Alison Dunn is, upon information and belief, a resident of Montana.

7. This Complaint is filed against Ms. Dunn in both her professional capacity as Executive Director of the Community Support Center and as an individual to the extent her actions may fall outside the course and scope of her employment.

8. Beaverhead County is a county in the State of Montana which contracted with and delegated authority to the Women's Resource Center to shelter domestic violence victims in within Beaverhead County.

9. Melanyia Ryan is, upon information and belief, a resident of the State of Montana and an LCPC at Women's Resource Center

10. Mimi Rosenkrance is, upon information and belief, a resident of the State of Idaho.

## II.
## Venue and Jurisdiction

11. Venue is proper in Federal District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2)

12. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331

## III.

## Summary of the Lawsuit

13. This lawsuit is the product of a conspiracy between all Defendants or their employees and subsidiaries to abuse process during the divorce proceedings between Collin and Berett Rosenkrance, where they knowingly and willfully deceived the Court, mediators, and Mr. Erb's attorney by filing false statements in a request for an order of protection and violated Plaintiff's Constitutional right to parent his children.

14. All material incidents in this complaint took place in the State of Montana.

15. The Order of Protection was then used to coerce Collin Erb to accept parenting plans that disadvantaged him and restricted access to his children in violation of his natural and Constitutional rights, damaging his relationship with his children, and causing him emotional damages.

16. Defendants Rosenkrance and Tomaryn also conspired to deceive the mediator during the discussion of child custody by knowingly and in bad faith presenting false and misleading information regarding Defendant Rosenkrance's plans as to permanent residency, deceiving both the Court and Mr. Erb in violation of M.C.A. § 37-61-406.

17. The ongoing conspiracy between Defendants caused Plaintiff to incur monetary, medical, and emotional damages.

## IV.
## Factual Background

18.  Plaintiff informed Defendant Rosenkrance on May 17, 2019 that he had filed for dissolution of their marriage.

19. After she was told this information, Defendant Rosenkrance then engaged in a text message conversation with a female friend where a discussion of filing a false police report and gaining a Temporary Order of Protection under false pretenses was had.

20. On May 20, 2019, Defendant Rosenkrance called Beaverhead County Sheriff's Department to the residence shared with Plaintiff, where she stated she called law enforcement because Plaintiff had filed for divorce and she was afraid he was "ahead of me legally." She then engaged the services of the Women's Resource Center, which operates under the direction of Ms. Dunn.

21. The Women's Resource Center contracts with and operates under the authority of Beaverhead County to provide victims' services which would otherwise be the exclusive prerogative of the County, making it a County entity for all intents and purposes.

22. Beaverhead County funded and encouraged the Women's Resource Center to act in its place.

23. As Executive Director of the Women's Resource Center, Ms. Dunn is ultimately responsible for all training and actions taken by her employees in this matter.

24. On its website, the Women's Resource Center advertises services to include "…legal and court advocacy to victims, including *restraining order assistance*." Emphasis added.



25. On May 25, 2019, Defendant Rosenkrance, with assistance of individuals, to include Mimi Rosenkrance and employees of the Women's Resource Center such as Valerie Coulter and Melanyia Ryan, who knew of the false nature of the claim and were under the supervision of Defendant Dunn, requested and filed for a Temporary Order of Protection ("TOP") against Plaintiff, falsely claiming he had raped her on May 22, 2019. This TOP was granted.

26. Defendant Rosenkrance utilized this false allegation of rape to restrict Plaintiff's access to his children, damaging Plaintiff's relationship with them.

27. Plaintiff and Defendant Rosenkrance then proceeded to engage in mediation regarding a temporary parenting plan.

28. Throughout the parenting plan proceedings, Defendant Rosenkrance was represented by Peter Tomaryn.

29. In the response to Plaintiff's dissolution filing, Defendants Rosenkrance and Tomaryn listed Defendant Rosenkrance residency as being in Dillon, Montana.

30. Throughout the divorce and child custody proceedings, Defendants Rosenkrance and Tomaryn represented to the Court, mediator, and Plaintiff that despite Defendant Rosenkrance taking temporary employment in the State of Idaho, her permanent residence was and would continue to be in Dillon.

31. Defendants Rosenkrance and Tomaryn knew at the time of this representation that this information was false, and that Defendant Rosenkrance would be permanently relocating to Mackay, Idaho.

32. Defendant's Rosenkrance and Tomaryn intended for Plaintiff to believe this misrepresentation.

33. This knowingly false representation of material fact led to Plaintiff agreeing to a parenting plan that significantly damaged his relationship to his children.

34. Defendant Rosenkrance, who had already alluded to the ulterior purpose of utilizing false claims to gain leverage in the divorce proceedings, proceeded to use a proposed waiver of the TOP during mediation to coerce Plaintiff into accepting a parenting plan that disadvantaged his relationship with his children.

35. Due to all Defendants' actions, to include abuse of process in filing for a Temporary Protection Order under entirely unfounded false pretenses to coerce Plaintiff's behavior regarding the parenting plan, intentional deceit, and fraud by Tomaryn and Rosenkrance during mediation, the negligence of Ms. Dunn in training and supervising her employees, and the negligent misrepresentation of material facts during mediation of the parenting plan to include support by Ms. Ryan of knowingly false claims, Plaintiff has suffered economic and emotional damages.

36. Due to the foreseeable consequences of Defendants' actions, Plaintiff's relationship with his two (2) children has suffered to the point where he has suffered extreme emotional distress.

## V.
## Claims and Causes of Action

### COUNT 1: ABUSE OF PROCESS BY BERETT ROSENKRANCE:

37. Plaintiff realleges paragraphs 1-36 as though fully set forth herein.

38. Defendant Rosenkrance knowingly and willfully used false information to obtain a Temporary Order of Protection.

39. Defendant Rosenkrance utilized an offer to waive this TOP during mediation in an attempt to coerce Plaintiff to accept a parenting plan he would not otherwise have accepted.

40. The outrageous utilization of the Court to use a claim of rape as leverage to coerce behavior is an abuse of process.

### COUNT 2: CONSPIRACY TO ABUSE PROCESS BY
### BERETT ROSENKRANCE, PETER TOMARYN, ANITA DUNN, VALERIE COULTER, AND WOMEN'S RESOURCE CENTER

41. Plaintiff realleges paragraphs 1-40 as though fully set forth herein.

42. Defendant Rosenkrance knowingly and willfully used false information to obtain a Temporary Order of Protection.

43. Defendant Rosenkrance conspired with other Defendants, including Peter Tomaryn, Mimi Rosenkrance, and the Women's Resource Center or their employees, to knowingly use false information to gain a Temporary Order of Protection.

44. Defendant Rosenkrance and Peter Tomaryn utilized an offer to waive this TOP during mediation in an attempt to coerce Plaintiff to accept a parenting plan he would not otherwise have accepted.

45. The outrageous utilization of the Court's to use a claim of rape as leverage to coerce behavior is an abuse of process.

### COUNT 3: DECEIT BY AN ATTORNEY, PETER TOMARYN

46. Plaintiff realleges paragraphs 1-45 as though fully set forth herein.

47. Defendant Tomaryn is a licensed attorney in the State of Montana and a member of the Montana State Bar Association, making him subject to all ethical and statutory obligations and penalties of M.C.A. § 37-61-101, *et. seq.*

48. Tomaryn knew Defendant Rosenkrance fully intended to become an Idaho resident.

49. In spite of this knowledge, Tomaryn represented to the Court, mediator, and Plaintiff that Defendant Rosenkrance would remain a resident of the State of Montana, a material fact in the mediation of a parenting plan and Court's ruling.

50. In violation of M.C.A. § 37-61-406, Tomaryn colluded with Defendant Rosenkrance to deceive the Court, mediator, and Plaintiff, and by result Plaintiff consented to a parenting plan he would not have otherwise agreed to.

51. This bad faith deceit by Tomaryn caused damage to the Plaintiff's relationship with his children, resulting in him suffering extreme emotional distress.

## COUNT 4: FRAUD BY BERETT ROSENKRANCE AND PETER TOMARYN

52. Plaintiff realleges paragraphs 1-551 as though fully set forth herein.

53. Defendant Tomaryn is a licensed attorney in the State of Montana and a member of the Montana State Bar Association, making him subject to all ethical and statutory obligations and penalties of M.C.A. § 37-61-101, *et. seq.*

54. Tomaryn knew Defendant Rosenkrance fully intended to become an Idaho resident.

55. Defendant Rosenkrance knew she fully intended to become an Idaho resident.

56. In spite of this knowledge, Tomaryn and Defendant Rosenkrance represented to the Court, mediator, and Plaintiff that Defendant Rosenkrance would remain a resident of the State of Montana, a material fact in the mediation of a parenting plan and Court ruling.

57. This fraudulent misrepresentation was made with the intention for all misled parties to rely upon it.

58. The misled parties did in fact rely upon this misrepresentation, leading to the acceptance of a parenting plan gained under false pretenses.

59. As a result of this fraudulent misrepresentation, Plaintiff's relationship with his children was damaged, causing him extreme emotional distress, as well as triggering the current complaint, causing him to incur attorney fees.

## COUNT 5: NEGLIGENT MISREPRESENTATION BY BERETT ROSENKRANCE AND PETER TOMARYN

60. Plaintiff realleges paragraphs 1-59 as though fully set forth herein.

61. Defendant Tomaryn is a licensed attorney in the State of Montana and a member of the Montana State Bar Association, making him subject to all ethical and statutory obligations and penalties of M.C.A. § 37-61-101, *et. seq.*

62. Tomaryn knew Defendant Rosenkrance fully intended to become an Idaho resident.

63. Defendant Rosenkrance knew she fully intended to become an Idaho resident.

64. In spite of this knowledge, Tomaryn and Defendant Rosenkrance represented to the Court, mediator, and Plaintiff that Defendant Rosenkrance would remain a resident of the State of Montana, a material fact in the mediation of a parenting plan and Court ruling.

65. Defendants Tomaryn and Rosenkrance had no reasonable ground for believing the statements regarding Rosenkrance residency were true.

66. This misrepresentation was made with the intention for all misled parties to rely upon it.

67. The misled parties did in fact rely upon this misrepresentation, leading to the acceptance of a parenting plan gained under false pretenses.

68. As a result of this fraudulent misrepresentation, Plaintiff's relationship with his children was damaged.

69. As a result of this damage, Plaintiff suffered damages to include emotional distress as well as costs associated with the current complaint.

### COUNT 6: CIVIL CONSPIRACY BY
### BERETT ROSENKRANCE, PETER TOMARYN, ANITA DUNN, VALERIE COULTER, MELAYNIA RYAN, AND WOMEN'S RESOURCE CENTER

70. Plaintiff realleges paragraphs 1-69 as though fully set forth herein.

71. Defendants have agreed to work together, have worked together, and have committed overt acts to restrict Plaintiff's access to his children in violation of his Constitutional rights.

72. Defendants conspired together in this effort with actual malice against Plaintiff.

73. As a direct and proximate result of this conspiracy, Plaintiff has suffered damages, including emotional distress damages, in an amount to be proven at trial, and Defendants are jointly and severally liable for said damages.

## COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY BERETT ROSENKRANCE, PETER TOMARYN, ANITA DUNN, VICTORIA COULTER, AND WOMEN'S RESOURCE CENTER

74. Plaintiff realleges paragraphs 1-73 as though fully set forth herein.

75. Defendants willfully and deliberately conspired to utilize false claims of rape in a Motion for a Temporary Order of Protection.

76. Defendants intended for this motion to be used as leverage against Plaintiff in child custody mediation as well as future divorce proceedings.

77. Defendants utilized this motion to restrict Plaintiff's access to his children, to include a period of over fifty (50) days where he was not permitted to see either child.

78. As a direct and foreseeable result of the intentional actions of Defendant's, Plaintiff has suffered severe emotional distress, including but not limited to weight gain, loss of sleep, difficulty concentration, and physical symptoms of generalized anxiety.

## COUNT 8: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY BERETT ROSENKRANCE, PETER TOMARYN, ANITA DUNN, VALERIE COULTER, AND WOMEN'S RESOURCE CENTER

79. Plaintiff realleges paragraphs 1-79 as though fully set forth herein.

80. Defendants willfully and deliberately conspired to utilize false claims of rape in Motion for a Temporary Order of Protection.

81. Defendants intended for this motion to be used as leverage against Plaintiff in child custody mediation as well as future divorce proceedings.

82. Defendants utilized this motion to restrict Plaintiff's access to his children, to include a period of over fifty (50) days where he was not permitted to see either child.

83. As a reasonably foreseeable result of the negligent actions of Defendant's, Plaintiff has suffered severe emotional distress.

## COUNT 9:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY BERETT ROSENKRANCE, PETER TOMARYN, ANITA DUNN, VALERIE COULTER, AND WOMEN'S RESOURCE CENTER

84. Plaintiff realleges paragraphs 1-83 as though fully set forth herein.

85. Defendants willfully and deliberately conspired to utilize false claims of rape in a Motion for a Temporary Order of Protection.

86. Defendants intended for this motion and accusation to be known publicly in an attempt to shame Plaintiff.

87. As a direct and intentional result of Defendant's actions in alleging a false claim of rape, Plaintiff suffered severe emotional distress, including but not limited to weight gain, loss of sleep, difficulty concentration, and physical symptoms of generalized anxiety.

### COUNT 10: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY BERETT ROSENKRANCE, PETER TOMARYN, ALLISON DUNN, VALERIE COULTER, AND WOMEN'S RESOURCE CENTER

88. Plaintiff realleges paragraphs 1-87 as though fully set forth herein.

89. Defendants willfully and deliberately conspired to utilize false claims of rape in a Motion for a Temporary Order of Protection.

90. Defendants intended for this motion and accusation to be known publicly in an attempt to shame Plaintiff.

91. As a direct and intentional result of Defendant's actions in alleging a false claim of rape, Plaintiff suffered severe emotional distress, including but not limited to weight gain, loss of sleep, difficulty concentration, and physical symptoms of generalized anxiety.

### COUNT 11: VIOLATION OF 42 U.S.C. § 1983 BY WOMEN'S RESOURCE CENTER

92. Plaintiff realleges paragraphs 1-91 as though fully set forth herein.

93. Beaverhead County delegated its responsibility to care for victims in their County to the Women's Resource Center, and contracted with Women's Resource Center for that purpose.

94. The Women's Resource Center is thereby, for all intents and purposes, a State actor, acting on behalf of and under the supervision of Beaverhead County, and has the responsibility as a State actor to not violate Constitutional rights of citizens of the State of Montana.

95. In its authority as a State actor, the Women's Resource Center acted to assist Defendant Erb in utilizing a false claim of rape to gain a Temporary Order of Protection against Plaintiff, restricting access to his children, which violated his Constitutional right to parent his children.

96. As a result of this violation of Plaintiff's inherent rights under 42 U.S.C. § 1983, Plaintiff suffered damages, including but not limited to weight gain, loss of sleep, difficulty concentration, and physical symptoms of generalized anxiety.

**COUNT 12: VIOLATION OF 42 U.S.C. § 1986 BY BERETT ROSENKRANCE, PETER TOMARYN, WOMEN'S RESOURCE CENTER, BEAVERHEAD COUNTY, MIMI ROSENKRANCE, VALERIE DUNN, AND ALISON DUNN**

97. Plaintiff realleges paragraphs 1-95 as if fully set forth herein.

98. Plaintiff has the inherent Constitutional right to parent and have access to his children.

99. Defendant's knew Defendant Rosenkrance's claim of rape was false.

100.   Defendant's conspired to utilize this false claim of rape to gain a Temporary Order of Protection against Plaintiff, restricting access to his children, which violated his Constitutional right under the 14th Amendment to parent his children, in violation of 42 U.S.C. § 1985(3).

101. As a direct and proximate result of this conspiracy, Plaintiff has suffered damages, including emotional distress damages, in an amount to be proven at trial, and Defendants are jointly and severally liable for said damages.

## COUNT 13: NEGLIGENCE BY BEAVERHEAD COUNTY

102.   Plaintiff realleges paragraphs 1-101 as though fully set forth herein.

103.   Beaverhead County has a duty to maintain rights and privileges of its residents.

104.   Beaverhead County has a duty to properly oversee all agents acting on its behalf.

105.   The Women's Resource Center contracts with and takes the place of Beaverhead County in its responsibility to care for victims of domestic violence.

106.   Beaverhead County did not properly oversee the Women's Resource Center in its handling of this issue, causing damages to Plaintiff, including emotional distress damages, in an amount to be proven at trial.

## VI:
## Damages

107. Plaintiff herein realleges paragraphs 1-106 above as though fully set forth herein

108. As alleged in each count, Plaintiff has suffered actual damages in an amount as yet not fully realized in medical and treatment costs, as well as intangible special damages and punitive damages, but the total damages alleged in this matter substantially exceeds the jurisdictional limits of this court.

109. Plaintiff's damages under each count, 1-12, Section V, *supra*, generally include, but are not limited to:

   a.   Cost of past counseling

   b.   Cost of past therapy

   c.   Past pain and suffering

d.  Past emotional distress damages

e.  Cost of future counseling

f.  Cost of future therapy

g.  Future pain and suffering

h.  Future emotional distress

i.  Past cost of litigation and attorney's fees

j.  Current cost of litigation and attorney's fees

k.  Punitive damages which are available under statute

l.  Exemplary and punitive damage which cannot yet be quantified, but are the purview of the court to decide.

## VII:
## Attorney's Fees and Costs

110. Plaintiff realleges paragraphs 1-110 as though fully set forth herein.

111. Under 42 U.S.C.A § 1988(b), it states that "in any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, Title IX of Public law 92-318, [], the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Plaintiff, therefore, seeks the recovery of the attorney's fees and costs for this matter under, among other statutes, the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C.A. § 1988(b)

112. Plaintiff seeks the recovery of the attorney's fees and costs for this matter under, among other statutes, 42 U.S.C. § 12205, wherein the court may award attorneys' fees at its discretion.

113. Plaintiffs seek the recovery of all reasonable attorney's fees and costs as permitted by any applicable statute, State or federal.

114. Plaintiffs seek the recovery of all reasonable attorney's fees and costs as permitted by the available equitable remedies applicable under State or federal judiciary discretion.

## VIII
## Exemplary Damages

115. Plaintiff herein realleges paragraphs 1-114 as though fully set forth herein.

116. Defendant's conduct, individually, in concert, or in combination, demonstrates a level of actual malice and/or actual fraud in breaching duties to Plaintiff, entitling Plaintiff to punitive damages under M.C.A. § 27-1-220.

117. Defendants conduct, individually, in concert, or in combination, demonstrates the Defendants' conduct was indifferent to the federally protected rights of others and, at a minimum, demonstrates the Defendants were motivated by an evil intent or motive, which further entitles Plaintiff to punitive damages under 42 U.S.C. § 1983.

118. Defendant Tomaryn's conduct in deceiving or colluding to deceive the Plaintiff makes him, under M.C.A. § 37-61-406, subject to treble damages for injuries Plaintiff suffered due to this deceit, to include but not limited to, attorney's fees, treatment, counseling, and emotional damages.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief as follows:

1. An award of economic damages incurred as a result of the actions, negligent or intentional, of Defendant's.

2. An award of special damages incurred as a result of the actions, negligent or intentional, of Defendant's.

3. An award of consequential damages incurred as a result of the actions, negligent or intentional, of Defendant's.

4.  An award of past emotional distress damages.

5.  An award of future emotional distress damages

6.  An award of past medical expenses.

7.  An award of future medical expenses.

8.  An award of costs and attorney's fees.

9.  An award of punitive damages, and

10. For any other relief the Court deems just under the circumstances.

DATED this 24th day of May, 2021.

/s/ *David L. Vicevich*_____
DAVID L. VICEVICH
Attorney for the Plaintiff


## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through his counsel, and hereby demands a jury trial.

DATED this 24th day of May, 2021.

/s/ *David L. Vicevich*_____
DAVID L. VICEVICH
Attorney for the Plaintiff

## VERIFICATION

STATE OF MONTANA      )
                       :ss.

County of Butte             )

     Collin Erb, being first duly sworn upon oath, deposes and says:

     That he is the Plaintiff in this matter and he has read the foregoing Verified Complaint and Demand for Jury Trial and that the facts and matters contained therein are true and accurate and complete to the best of his knowledge and belief.

_____
Collin Erb

Subscribed and sworn to before me this ___ day of May, 2021.

_____
Signature

Kimberly LaPalm
Printed Name
Notary Public for the State of Montana
Residing at Butte, MT
My Commission expires 06/30/2022

KIMBERLY LAPALM
NOTARIAL SEAL
NOTARY PUBLIC for the
State of Montana
Residing at Butte, Montana
My Commission Expires
June 30, 2022